IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY,<br><br>Plaintiff,<br><br>v.<br><br>HEATH MILLER, in his personal and official capacities; SCHOOL BOARD OF RSU22,<br><br>Defendants. | Case No. _____<br><br>**VERIFIED COMPLAINT 42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**JURY TRIAL DEMAND** |

This is a Civil Action brought by Plaintiff Shawn McBreairty against Defendants Heath Miller and School Board of RSU22. Mr. McBreairty brings a claim under 42 U.S.C. § 1983 for Defendant's violation of Mr. McBreairty's First Amendment rights, and alleges as follows:

## THE PARTIES

1. Plaintiff Shawn McBreairty is an educational advocate and journalist who resides in Hampden, Maine.

2. Defendant Heath Miller, Chair of RSU22 School Board is a resident of Newburgh, Maine.

3. Defendant School Board of Regional School Unit 22 ("RSU22") is a school committee organized pursuant to 20-A M.R.S. § 1001 that exercises control and management of RSU22 public schools.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution. Personal jurisdiction and venue should be obvious.

## FACTUAL BACKGROUND

### RSU22 Public Participation

5. If this case sounds familiar to the Court, it should. McBreairty previously filed suit and prevailed in *McBreairty v. Sch. Bd. of RSU22*, No. 1:22-cv-00206-NT, 2022 U.S. Dist. LEXIS 128353 (D. Me. July 20, 2022). However, undeterred by this result, the Defendants have simply done it again. This time, enforcing a rule that prohibits speaking ill of government employees, but which permits speaking well of government employees.

6. All meetings of the RSU22 School Board are open to the public. All actions of the School Board are to be taken openly and the deliberations leading to School Board action likewise must be conducted openly.

7. The public is invited to attend all School Board meetings and are given time to voice opinions or problems unless those problems involve teachers. Praising teachers is strongly encouraged by the School Board. But raising concerns about teachers is not tolerated.

8. BEDH Public Participation Policy Rule 2 provides as follows:

> Confidential personnel information will not be shared in a public session. **No complaints or allegations will be allowed at Board meetings concerning any person employed by the school system or against particular students.** Personnel matters or complaints concerning student or staff issues will not be considered in a public meeting but will be referred through established policies and procedures. **Exhibit A**. (emphasis added)

9. Mr. McBreairty is not permitted to even mention a teacher's name, unless it is to praise that employee. Praise is allowed, but criticism is not.

### RSU22 School Board Meeting – October 19, 2022

10. On October 19, 2022, Dolly Sullivan, a Program Director for Educate Maine, made public comment at the RSU22 School Board meeting. *See* **Exhibit B**. Ms. Sullivan is the Program

Director for the Maine Teacher of the Year program. During Ms. Sullivan's public comment, she provided an assessment of Kelsey Stoyanova's service as the 2022 Maine Teacher of the Year, including referring to her as "thoughtful," "intentional," "brave," and "brilliant."

11. After Ms. Sullivan completed her comments, a round of applause breaks out, and Defendant Miller can be heard saying "Thank you Ms. Sullivan for all you and your organization have done for us."

12. Ms. Sullivan was permitted to praise Ms. Stoyanova.

### RSU22 School Board Meeting – February 15, 2023

13. On February 15, 2023, Mr. McBreairty made public comment at the RSU22 School Board meeting. *See* **Exhibit C**. During his public comment, Mr. McBreairty played a prerecorded statement where he twice mentioned Stoyanova.

14. The first time Mr. McBreairty mentioned Ms. Stoyanova, it was in reference to an article where the Superintendent is quoted as being proud of all that Ms. Stoyanova had accomplished as the 2022 Maine Teacher of the Year. Defendant Miller immediately warned Mr. McBreairty that "we are not going to mention names."

15. The second time Mr. McBreairty mentioned Ms. Stoyanova, he criticized her.

16. Defendant Miller immediately ordered Mr. McBreairty to stop his public comment and sit down. The School Board cut the video feed, and the Hampden Police Department was contacted to remove Mr. McBreairty from the school premises.

17. When the police arrived, Defendant Miller told officers that Mr. McBreairty had violated BEDH Public Participation Policy Rule 2 and ordered that Mr. McBreairty leave the RSU22 school premises. The police report states in relevant part the following:

> Heath then spoke up and said that he had violated the policy and Shawn was warned. Shawn said the policy is repugnant to the Constitution. Heath said Shawn

> mentioned employee names. [sic] and was warned but Shawn continued to do it. Mentioning employee names is against policy.
>
> . . .
>
> Heath advised before the public portion he reads the policy and the list of bullet points. Heath read one that says in substance no confidential personal information wont be shared about persons employed at the school. Complaints and allegations will be aloud [sic] at board meetings about concerning any person employed by the school or students. Heath said Shawn played a recording of himself which is perfectly fine and he let him do it until he mentioned a teachers name and an allegation towards that teacher, Heath then told him to sit down and Shawn then mentioned another staff members name in a negative manner. He then told Shawn he could not continue.

**Exhibit D** at 3-4.

### RSU22 School Board Meeting – March 15, 2023

18. On March 15, 2023, Mr. McBreairty returned to RSU22, not expecting that the Defendants would violate his rights again. However, his expectations were not met.

19. McBreairty engaged in public comment. *See* **Exhibit E**. During his public comment, Mr. McBreairty mentioned RSU22 staff members.

20. Mr. McBreairty mentioned Jennifer Norwood, a Hampden Academy High School teacher. Mr. McBreairty criticized her practices. Immediately after Mr. McBreairty mentioned Ms. Norwood's name, Defendant Miller warned Mr. McBreairty stating, "We are not going to speak about school employees. This is your one warning."

21. As Mr. McBreairty continued speaking, he criticized practices engaged in by Mrs. Campbell. Immediately after Mr. McBreairty mentioned Mrs. Campbell's name, Defendant Miller ordered Mr. McBreairty to stop speaking and sit down. The School Board cut the video feed, and the police were contacted to remove Mr. McBreairty from the school premises.

## CLAIMS FOR RELIEF

### *Count I*
### Violation of the First Amendment to the United States Constitution: Retaliation
### (42 U.S.C. 1983 – First Amendment)

22. Plaintiff realleges each allegation in the preceding paragraphs.

23. Plaintiff alleges that Defendants' conduct of shutting down Mr. McBreairty's speech and contacting the police to remove him from RSU22 school premises due to his constitutionally protected petitioning activity is unconstitutional and violates his First Amendment rights to freedom of speech and expression, and freedom of petition.

24. Defendants retaliated against Mr. McBreairty for exercising his First Amendment rights to freedom of speech and expression, and freedom of petition.

25. It is clearly established that there is a First Amendment right to petition to the government, and that clearly established right includes criticism of government employees.

26. Defendants' restriction on Plaintiff's speech is content-based and viewpoint discriminatory and is in violation of the Free Speech Clause of the First Amendment and the Right to Petition the Government Clause of the First Amendment.

27. Plaintiff has been injured, by the Defendants' unconstitutional actions and is entitled to damages as a result of Defendants actions.

### *Count II*
### Violation of the First Amendment to the United States Constitution
### Declaratory Judgment & Injunctive Relief
### (42 U.S.C. 1983 – First Amendment)

28. Plaintiff realleges each allegation in the preceding paragraphs.

29. As set forth above, Rule 2 states the following:

> Confidential personnel information will not be shared in a public session. **No complaints or allegations will be allowed at Board**

  **meetings concerning any person employed by the school system or against particular students.** Personnel matters or complaints concerning student or staff issues will not be considered in a public meeting but will be referred through established policies and procedures.

30. Rule 2 is unconstitutionally vague and void on its face. "Complaints" and "allegations" appears to be any comments Defendant Miller views in a disapproving manner.

31. Rule 2 is a facially unconstitutional viewpoint-based restriction that prohibits any comments about RSU22 employees or students that the Chair deems is negative, while positive speech is permitted.

32. Rule 2 was unconstitutionally applied to Mr. McBreairty. Other members of the public are permitted to address their opinions about teachers while Mr. McBreairty's speech is silenced, and he is ordered to leave RSU22 premises.

33. Plaintiff is entitled to a declaration that the rule is void and an injunction prohibiting its enforcement.

### *Count III*

### Violation of the Article I Section 4 and Section 15 of the Maine Constitution
### (5 M.R.S. § 4682 Free Speech and Right to Petition)

34. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

35. Plaintiff alleges that Defendants' conduct of shutting down Mr. McBreairty's speech and contacting the police to remove him from RSU22 school premises due to his constitutionally protected petitioning activity is unconstitutional and violates his rights under Article I, Section 4 and 15 of the Maine Constitution.

36. Plaintiff has been injured, or reasonably fears imminent injury, by these constitutional violations, and Plaintiff is entitled to relief.

## *Count IV*

### Violation of the Article I Section 4 and Section 15 of the Maine Constitution
### Declaratory and Injunctive Relief
### (5 M.R.S. § 4682 Free Speech and Right to Petition)

37. Plaintiff realleges each allegation in the preceding paragraphs.

38. As set forth above, Rule 2 states the following:

> Confidential personnel information will not be shared in a public session. No complaints or allegations will be allowed at Board meetings concerning any person employed by the school system or against particular students. Personnel matters or complaints concerning student or staff issues will not be considered in a public meeting but will be referred through established policies and procedures.

39. Rule 2 is unconstitutionally vague and void on its face. "Complaints" and "allegations" appears to be any comments that Defendant Miller views in a disapprovingly manner.

40. Rule 2 is a facially unconstitutional viewpoint-based restriction that prohibits any comments about RSU22 employees or students that the Chair deems is negative, while positive speech is permitted.

41. Rule 2 was unconstitutionally applied to Mr. McBreairty. Other members of the public are permitted to address their opinions about teachers while Mr. McBreairty's speech is silenced, and he is ordered to leave RSU22 premises.

42. Plaintiff is entitled to a declaration that the rule is void and an injunction prohibiting its enforcement.

## **REQUESTS FOR RELIEF**

WHEREFORE, Plaintiff Shawn McBreairty asks this Court to issue and or award:

A. A declaration that BEDH Public Participation Policy Rule 2 is unconstitutional under the First Amendment and Article I, Sections 4, 6-A, & 15 of the Maine Constitution;

B.  A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity within Hampden, Maine;

C.  Damages in an amount to be determined at trial;

D.  An award of attorneys' fees and expenses under 42 U.S.C. § 1988 and 5 M.R.S. § 4683;

E.  Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by. Jury on all causes of action.

Dated: March 24, 2023.                                         Respectfully Submitted,

/s/ Brett D. Baber                                             Marc J. Randazza (*pro hac vice forthcoming*)
Brett D. Baber, Bar No. 3143                                       *Lead Counsel*
Lanham Blackwell & Baber, PA                                   Robert J. Morris II (*pro hac vice forthcoming*
133 Broadway                                                   RANDAZZA LEGAL GROUP, PLLC
Bangor, ME 04401                                               30 Western Avenue
Tel: (207) 942-2898                                            Gloucester, MA 01930
Email: bbaber@lanhamblackwell.com                              Tel: (888) 887-1776
                                                               Email: ecf@randazza.com

                                                               *Attorneys for Plaintiff,*
                                                               *Shawn McBreairty*

## VERIFICATION OF COMPLAINT

I, Shawn McBreairty, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 3/24/23

By: *[signature]*

Shawn McBreairty