UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY | ) <br> ) <br> ) <br> ) |
| Plaintiff | ) <br> ) |
| v. | )    **Case No. 1:23-cv-00143-NT** <br> ) |
| HEATH MILLER AND SCHOOL BOARD OF RSU 22 | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants | ) |

## DECLARATION OF HEATH MILLER

Pursuant to 28 U.S.C. § 1746, I, Heath Miller, declare as follows:

1. I am the Chair of the School Board of Regional School Unit 22 ("RSU 22"), a position I have held since April 2020. I also served as a member of the Board from the time of my election in 2013 until I was voted Chair.

2. RSU 22 is a Maine school administrative unit that provides a free public education to students in the communities of Hampden, Newburgh, Winterport and Frankfort, Maine. We operate four elementary schools, two middle schools and one high school, which together educate approximately 2,270 students. We employ approximately 375 administrators, teachers and staff.

3. In my role as Chair of the Board, I am responsible for, among other things, running the Board's monthly meetings.

4. Our Board meetings are open to the public to attend, and we also livestream the meeting on our webpage.

5. RSU 22 permits public participation at its regularly scheduled Board meetings in compliance with Maine law, which was amended in 2019 to provide as follows:

> School board meeting public comment period.  A school Board shall provide the opportunity for the public to comment on school and education matters at a school board meeting. Nothing in this subchapter restricts the school board from establishing reasonable standards for the public comment period, including time limits and conduct standards.  For the purposes of this subsection, "school board meeting" means a full meeting of the school board and does not include meetings of subcommittees.

20-A M.R.S. § 1001(20).

6. RSU 22 Board Policy BEDH "Public Participation in Board Meetings" was first adopted in October 1974 (when the District was known as Maine School Administrative District 22), and it has been revised three times.  Most recently, in response to the amendment requiring public participation at board meetings, our Board adopted the policy recommended by Maine School Management Association ("MSMA"), a copy of which is attached hereto as Exhibit A.

7. The policy includes 8 rules of conduct designed to promote public participation at our meetings and ensure that the public commentary takes place in an orderly fashion, complies with applicable law, and respects the privacy rights of our employees.

8. I generally read or summarize these rules prior to the public participation segment of each Board meeting.

9. The Policy limits each speaker's comments to 3 minutes.

10. The Policy prohibits "gossip, defamatory comments, or abusive or vulgar language."

11. It also prohibits discussion of complaints or allegations against specifically named school personnel.

2

12. This prohibition is viewpoint neutral – in other words, we prohibit anyone from discussing any complaint about our employees at our meetings, regardless of the nature of the complaint.

13. We do this in part because we have an obligation imposed both by statute and Board Policy GBGB, a copy of which is attached hereto as Exhibit B, to protect our employees from harassment.

14. We believe that allegations made about specific employees at publicly televised board meetings can constitute harassment under Policy GBGB and the state law. This is a position that our teacher's union has taken as well. *See* Exhibit C, attached hereto.

15. We are also mindful of the statutory obligation, set out in 20-A M.R.S. § 6101, to keep personnel information pertaining to school employees confidential.

16. And finally, we seek to shield the District from liability for defamation by prohibiting members of the public from publishing defamatory content at our public meetings.

17. Our current policy states that "personnel matters" as well as "complaints concerning student or staff members" will not be permitted during public comment. During my tenure as Board Chair, positive comments about specific staff members have been infrequent and it did not occur to me that these comments would be included in the prohibition of "personnel matters" until sometime in the winter of 2023 when one of the RSU 22 Board members who is on our policy committee went to a presentation concerning various board policies. She came back to me with the recommendation that the District change its policy BEDH such that the prohibition on discussion of personnel matters relates not only to negative discussion but also positive discussion.

18. We reached out to the Maine School Management Association and learned that a new policy would be distributed for all districts to consider very soon. On March 15, 2023, we

obtained a copy of the newly drafted Policy BEDH, a copy of which is attached as Exhibit D. This policy makes the blanket prohibition against speaking about personnel matters – regardless of whether the comments are complaints about personnel.

19. We plan to put adoption of this policy on the Board's April 26, 2023 agenda for a first reading and have every expectation that it will be finally adopted in May 2023 (Board policy requires two readings of a policy before adoption).

20. In the meantime, ever since the Board member mentioned this issue to me this past winter, I have been warning and interrupting speakers as soon as they mention an employee's name during public comment period and I intend to continue doing so until the new policy is adopted.

21. Although RSU 22 does not permit discussion of complaints or allegations about specific employees during the public comment period of its Board meetings, it does provide anyone who has such a complaint or allegation with a process to have that complaint heard. That process is set forth in Board Policy KE, a copy of which is attached hereto as Exhibit E.

22. The Plaintiff, Shawn McBreairty, has attended and spoken at public comment in many of the meetings of the RSU 22 Board that have been held during the past 6 months. In those instances where he has not attempted to make disparaging comments about our employees, I have permitted him to speak for the full three minutes allotted to members of the public for speaking.

23. I have similarly permitted other citizens to express beliefs similar to those often articulated by Mr. McBreairty as long as they do not mention the names of individual employees.

24. As an example, attached hereto as Exhibit F is a video clip from the Board's September 21, 2022 meeting, the official video of which is available on the RSU 22 School Board's website. The clip begins with me reiterating our public comment rules. After that, a woman from the public spoke about her concern about sexually explicit material in schools. This woman

4

expressed her opinion without naming any RSU 22 staff and was not interrupted during the three minutes allotted to her.

25. Next, the video shows that Mr. McBreairty also spoke at the September 21, 2022 meeting. He was critical of both me and the Superintendent and was permitted to express those opinions. He also expressed forceful disapproval of books read at RSU 22 regarding gender dysphoria and even mentioned the name of one teacher but did not directly accuse that teacher of wrongdoing. I therefore made the judgment that he was in compliance with our policy (notwithstanding that I strongly disagree with his viewpoint) and permitted him to complete his presentation.

26. During his February 15, 2023 presentation, attached to the Complaint as Exhibit C, Mr. McBreairty mentioned a teacher employed by RSU 22, by name, referring to that teacher as "groomer, I mean, teacher of the year" in the context of the remarks he was providing about sexual grooming, which he made by playing pre-recorded comments into the microphone that we provide to speakers. I warned Mr. McBreairty not to name names, and as Mr. McBreairty's recording quickly went on to state that the named teacher should be "locked up," I asked Mr. McBreairty to sit down.

27. During his March 15, 2023 presentation, attached to the Plaintiff's motion as Exhibit E, Mr. McBreairty started by saying that he was going to name names. Accordingly, when he mentioned by name a teacher employed by RSU 22, I warned him about not mentioning individual names. As he went on to suggest that a named former employee was part of what Mr. McBreairty referred to as an "after-school cult" that "push[es] sex and enable[es] mental illness," I asked Mr. McBreairty to stop speaking.

28. When Mr. McBreairty refused, the Board took a recess. During the recess, public broadcast of the Board room was turned off. However, the video feed was left on. A copy of the video showing Mr. McBreairty's conduct while he was asked to leave by responding officers is attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 3, 2023                          */s/ Heath Miller*
                                                                                         Heath Miller

.