| | |
|---|---|
| SHAWN MCBREAIRTY, <br><br> Plaintiff, <br><br> v. <br><br> HEATH MILLER, in his personal and official capacities; SCHOOL BOARD OF RSU22, <br><br> Defendants. | Case No. 1:23-cv-00143-NT <br><br><br> **UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 15, Plaintiff, Shawn McBreairty, respectfully moves this Court for leave to file to file his First Amended Complaint. Although such leave *may* be unnecessary per Fed. R. Civ. P. 15(a)(1)(B), this motion is filed out of an abundance of caution and prudence.

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

Plaintiff filed his original Complaint (ECF No. 1) on March 24, 2023. Rule 15(a)(1)(B) permits a plaintiff, as of right, to amend a complaint within 21 days of the service of a motion to dismiss. Defendants moved to dismiss on April 13, 2023 (ECF No. 12), which would have entitled Plaintiff to amend by May 4, 2023. On May 4, 2024, the Court stayed the deadline for Plaintiff to respond to the motion (ECF No. 25) due to a then-pending appeal of the denial of a motion for preliminary injunction. That stay was extended by Order of July 19, 2023 (ECF No. 29).

On February 21, 2024, the Court of Appeals for the First Circuit issued its opinion and judgment. The basis for the ruling was a *sua sponte* determination that Plaintiff had not sufficiently pleaded his intent to violate the rules he was challenging, rendering him ineligible for injunctive

RANDAZZA | LEGAL GROUP

relief due to lack of standing (in no way does this affect his claims for damages). (ECF No. 31). Thus, the matter returns to this Court for continued litigation.

To the extent that this Court's prior stay of a response to the motion to dismiss includes amending the Complaint under Rule 15(a)(1)(B), this motion is, admittedly, unnecessary. But, it is unclear from the text if an amendment is deemed a response under the stay orders. In such event, leave to amend should be given.

First, Plaintiff should have the opportunity to amend his complaint to plead an intent to violate the governing rule(s). Both the defendants and this Court previously understood Plaintiff to allege such intent (ECF No. 9 at 18; ECF No. 17 at 6 & 27). As Plaintiff does intend to return to speak, in likely violation of governing rules, it would be unjust and inefficient to require Plaintiff to file a new action for injunctive relief while his action for damages here remains pending.

Second, as forecast in Defendants' opposition to injunctive relief (ECF No. 9), while the appeal was pending RSU22 adopted a new rule, replacing the rule that had been the subject of challenge, as acknowledged by the Court of Appeals (ECF No. 77 at 8). Thus, in order to address the current rule, and how it affects Plaintiff, leave to amend must be granted.

Third, in Defendants' motion to dismiss (ECF No. 12), Defendants make significant argument regarding their authority to regulate the public comment portion of the meeting as a limited public forum. However, as has been addressed, the forum is not created by Defendants, it is mandated by the State of Maine, and Plaintiff seeks to vindicate his statutory rights in the face of rules that impermissibly narrow the broad forum created by the State.

Counsel for Plaintiffs sought the consent of counsel for Defendants to file his First Amended Complaint by email on March 5, 2024. Counsel for Defendants does not object to the filing of Plaintiff's First Amended Complaint. Additionally, the Parties anticipate stipulating to a

number of facts to expedite the forthcoming motion for preliminary injunction addressed to the allegations of the amended complaint.

For the foregoing reasons, the Court should grant leave for Plaintiff to file his First Amended Complaint, which is being docketed along with this motion.

Dated: March 12, 2024.  Respectfully Submitted,

*/s/ Robert J. Morris*
Robert J. Morris, II (ME Bar No. 010402)
HOUSER, LLP
400 TradeCenter, Suite 5900
Woburn, MA 01801
Tel: (339) 203-6498
Email: rmorris@houser-law.com

Brett D. Baber, Bar No. 3143
Lanham Blackwell & Baber, PA
133 Broadway
Bangor, ME 04401
Tel: (207) 942-2898
Email: brett@bloomerrussell.com

*/s/ Marc J. Randazza*
Marc J. Randazza (*pro hac vice*)
  *Lead Counsel*
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (888) 887-1776
Email: ecf@randazza.com

*Attorneys for Plaintiff,*
*Shawn McBreairty*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of March, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris