| | |
|---|---|
| SHAWN MCBREAIRTY,<br><br>Plaintiff,<br><br>v.<br><br>HEATH MILLER, in his personal and official capacities; SCHOOL BOARD OF RSU22,<br><br>Defendants. | Case No. 1:23-cv-00143-NT<br><br>**FIRST AMENDED VERIFIED COMPLAINT 42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>**JURY TRIAL DEMAND** |

This is a Civil Action brought by Plaintiff Shawn McBreairty against Defendants Heath Miller and School Board of RSU22. Mr. McBreairty brings a claim under 42 U.S.C. § 1983 and Maine law for Defendant's violation of Mr. McBreairty's First Amendment and Maine Constitutional rights, and alleges as follows:

## THE PARTIES

1. Plaintiff Shawn McBreairty is an educational advocate and journalist who resides in Hampden, Maine.

2. Defendant Heath Miller, Chair of RSU22 is a resident of Newburgh, Maine.

3. Defendant School Board of Regional School Unit 22 ("RSU22") is a school committee organized pursuant to 20-A M.R.S. § 1001 that exercises control and management of RSU22 public schools.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution. The Court has supplemental jurisdiction over the state law claims per 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over RSU22 as it is an entity organized in the State of Maine and is headquartered in Maine, and Miller resides in this State. The Court otherwise has personal jurisdiction over all defendants pursuant to M.R.S. § 704-A(2)(A) based on their transaction of business within the State and causing the torts alleged herein and the consequences thereof to occur within this State.

6. Venue resides in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) as the Defendants reside in this District, and the events and omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL BACKGROUND

### RSU22 Public Participation

7. McBreairty previously filed suit and prevailed in *McBreairty v. Sch. Bd. of RSU22*, No. 1:22-cv-00206-NT, 2022 U.S. Dist. LEXIS 128353 (D. Me. July 20, 2022). However, undeterred by this result, the Defendants have simply done it again. This time, enforcing a rule that prohibits speaking ill of government employees, but which permits speaking well of government employees.

8. All meetings of the RSU22 School Board are open to the public. All actions of the School Board are to be taken openly and the deliberations leading to School Board action likewise must be conducted openly.

9. While the public comment period occurs at Board meetings, it is not a forum created by RSU22, and thus RSU22 does not have plenary authority over what the forum's contours may be.

10. The public comment period is a forum created and mandated by 20-A M.R.S. § 1001(20), which states, in relevant part: "A school board shall provide the opportunity for the

public to comment on school and education matters at a school board meeting. Nothing in this subsection restricts the school board from establishing reasonable standards for the public comment period, including time limits and conduct standards."

11. The public is invited to attend all School Board meetings and are given time to voice opinions or problems unless those problems involve teachers. Praising teachers is strongly encouraged by the School Board. But raising concerns about teachers is not tolerated.

12. Prior to June 16, 2023, BEDH Public Participation Policy Rule 2 ("Prior Rule 2") provided as follows:

> Confidential personnel information will not be shared in a public session. **No complaints or allegations will be allowed at Board meetings concerning any person employed by the school system or against particular students.** Personnel matters or complaints concerning student or staff issues will not be considered in a public meeting but will be referred through established policies and procedures. **Exhibit A**. (emphasis added)

13. Mr. McBreairty was not permitted to even mention a teacher's name thereunder, unless it was to praise that employee. Praise was allowed, but criticism was not.

### RSU22 School Board Meeting – October 19, 2022

14. On October 19, 2022, Dolly Sullivan, a Program Director for Educate Maine, made public comment at the RSU22 School Board meeting. *See* **Exhibit B**. Ms. Sullivan is the Program Director for the Maine Teacher of the Year program. During Ms. Sullivan's public comment, she provided an assessment of Kelsey Stoyanova's service as the 2022 Maine Teacher of the Year, including referring to her as "thoughtful," "intentional," "brave," and "brilliant."

15. After Ms. Sullivan completed her comments, a round of applause breaks out, and Defendant Miller can be heard saying "Thank you Ms. Sullivan for all you and your organization have done for us." Ms. Sullivan was permitted to praise Ms. Stoyanova.

### RSU22 School Board Meeting – February 15, 2023

16. On February 15, 2023, Mr. McBreairty made public comment at the RSU22 School Board meeting. *See* **Exhibit C**. During his public comment, Mr. McBreairty played a prerecorded statement where he twice mentioned Stoyanova.

17. The first time Mr. McBreairty mentioned Ms. Stoyanova, it was in reference to an article where the Superintendent is quoted as being proud of all that Ms. Stoyanova had accomplished as the 2022 Maine Teacher of the Year. Defendant Miller immediately warned Mr. McBreairty that "we are not going to mention names."

18. The second time Mr. McBreairty mentioned Ms. Stoyanova, he criticized her.

19. Defendant Miller immediately ordered Mr. McBreairty to stop his public comment and sit down. The School Board cut the video feed, and the Hampden Police Department was contacted to remove Mr. McBreairty from the school premises.

20. When the police arrived, Defendant Miller told officers that Mr. McBreairty had violated Prior Rule 2 and ordered that Mr. McBreairty leave the RSU22 school premises. The police report states in relevant part the following:

> Heath then spoke up and said that he had violated the policy and Shawn was warned. Shawn said the policy is repugnant to the Constitution. Heath said Shawn mentioned employee names. [sic] and was warned but Shawn continued to do it. Mentioning employee names is against policy.
>
> . . .
>
> Heath advised before the public portion he reads the policy and the list of bullet points. Heath read one that says in substance no confidential personal information wont be shared about persons employed at the school. Complaints and allegations will be aloud [sic] at board meetings about concerning any person employed by the school or students. Heath said Shawn played a recording of himself which is perfectly fine and he let him do it until he mentioned a teachers name and an allegation towards that teacher, Heath then told him to sit down and Shawn then mentioned another staff members name in a negative manner. He then told Shawn he could not continue.

**Exhibit D** at 3-4.

21. Mr. McBreairty complied with Defendants' February 15, 2023, demands, enforced by armed police officers.

22. As a result of being deprived of the ability to speak and being forced to leave on February 15, 2023, Mr. McBreairty suffered damages including, but not limited to, injury to reputation and emotional distress.

### RSU22 School Board Meeting – March 15, 2023

23. On March 15, 2023, Mr. McBreairty returned to RSU22, not expecting that the Defendants would violate his rights again. However, his expectations were not met.

24. McBreairty engaged in public comment. *See* **Exhibit E**. During his public comment, Mr. McBreairty mentioned RSU22 staff members.

25. Mr. McBreairty mentioned Jennifer Norwood, a Hampden Academy High School teacher. Mr. McBreairty criticized her practices. Immediately after Mr. McBreairty mentioned Ms. Norwood's name, Defendant Miller warned Mr. McBreairty stating, "We are not going to speak about school employees. This is your one warning."

26. As Mr. McBreairty continued speaking, he criticized practices engaged in by Mrs. Campbell. Immediately after Mr. McBreairty mentioned Mrs. Campbell's name, Defendant Miller ordered Mr. McBreairty to stop speaking and sit down. The School Board cut the video feed, and the police were contacted to remove Mr. McBreairty from the school premises.

27. Mr. McBreairty complied with Defendants' March 15, 2023, demands, enforced by armed police.

28. Mr. McBreairty intended to return to speak at RSU22 meeting subsequent to March 15, 2023, but did not do so because he feared severe government action, up to and including

criminal charges, would be taken against him on account of Rule 2, as written and/or as interpreted and enforced by Miller.

29. As a result of being deprived of the ability to speak and being forced to leave on March 15, 2023, Mr. McBreairty suffered damages including, but not limited to, injury to reputation, emotional distress, and a suppression of his First Amendment rights.

**The New Rule Infringes McBreairty's Rights and Fares No Better**

30. On March 24, 2023, Mr. McBreairty filed the instant lawsuit, seeking damages and declaratory and injunctive relief on account of Prior Rule 2.

31. In a cynical effort to moot Mr. McBreairty's non-monetary claims, and aware of the facial unconstitutionality of Prior Rule 2, on June 16, 2023, RSU22 adopted a new BEDH Public Participation Policy ("New Policy").[1]

32. A true and correct copy of the New Policy is attached as **Exhibit F**.

33. Section 3 of the New Policy contains certain "rules of order" to be enforced by the Board Chair. *Id.*

34. For ease of reference, the new rules of order are as follows:

   a. Speakers will be recognized by the Board Chair, and comments should be addressed to the Board Chair. Requests for information or concerns that require further research may be referred to the superintendent for further action, if necessary;

   b. Speakers are expected to follow rules of common etiquette and decorum and refrain from engaging in disruptive conduct, including, but not limited to using vulgar and/or obscene language, yelling, threatening others using words or by other actions, making defamatory comments, exceeding the allotted time limits, talking over or interrupting others, offering repetitive comments, and offering comment on matters unrelated to the school unit's programs, policies, or operations.

---

[1] Available online at https://drive.google.com/file/d/14UOHsb-sfDv7pvo_GzF27H-ZBmkHab8-/view.

c. Discussion of personnel matters is not permitted during the public comment period due to the privacy, confidentiality and due process rights of school unit employees. For purposes of this policy, "discussion of a personnel matter" means any discussion, whether positive or negative, of job performance or conduct of a school unit employee.

d. Discussion of matters involving individual students are also not permitted during the public comment period due to the privacy, confidentiality, and due process rights of the school unit's students.

e. Any concerns about personnel matters and/or student matters should be directed to the Superintendent or another appropriate administrator outside of Board meetings so that they can be addressed through an alternative channel and in a manner consistent with privacy, confidentiality, and due process rights of the individuals involved.

f. The Board Chair will stop any public comment that is contrary to these rules.

g. Individuals who disrupt a Board meeting may be asked to leave in order to allow the Board to conduct its business in an orderly manner. The Board Chair may request the assistance of law enforcement if necessary to address disruptions or safety concerns.

35. Mr. McBreairty intends to return to RSU22 Board meetings and speak during the public comment period, again and again, at every meeting, and he intends to criticize RSU22 officials and government employees at these meetings.

36. Once again, Mr. McBreairty would name and criticize Kelsey Stoyanova, Jennifer Norwood, Mrs. Campbell, and other government officials and actors on account of what they do in the RSU22 schools and how they educate children in RSU22.

37. Such remarks by Mr. McBreairty would be required to be received by RSU22 under 20-A M.R.S. § 1001(20).

38. However, such comments would violate New Policy Rule 3(b), as they would be truthful, yet critical of the named individuals, despite being related to the school unit's programs, policies, and/or operations.

39. Such comments would violate New Policy Rule 3(c), as they would discuss the job performance and/or conduct of the named individuals, who are school unit employees.

40. Such comments would also violate Miller's unwritten rule that individuals cannot be mentioned by name.

41. This unwritten rule, on information and belief, is only enforced against critics of the government, and not against those who praise the government. But even if it is evenly applied, it violates the First Amendment and Maine law.

42. Mr. McBreairty has no concrete intent to criticize or single out any individual student, he also foresees that New Policy Rule 3(d) could be invoked as his remarks would necessarily allude to the students of Stoyanova, Norwood, Campbell, et al.

43. Mr. McBreairty has no concrete intent to criticize or single out any individual student, but, he has criticized students in other districts, including students who he has been informed have committed sexual assault. In the event that something similar happens in RSU22, McBreairty will, indeed, criticize a student, and New Policy Rule 3(d) would prohibit this.

44. Mr. McBreairty is chilled from appearing for and speaking at RSU22 Board meetings by the New Policy, as Rules 3(f) & (g) thereof entitle Defendant Miller to stop Mr. McBreairty from speaking and cause him to be removed by armed law enforcement.

45. Mr. McBreairty reasonably fears that Defendant Miller would stop Mr. McBreairty from speaking and cause him to be removed by armed law enforcement for purported violation of one or more of the aforementioned New Policy rules.

46. Mr. McBreairty intends to return to speak at RSU22 meetings, but he does not do so because he fears government action, from another unconstitutional trespass order as in *McBreairty v. RSU22*, or *Hermon School Dept. v. McBreairty,* up to and including criminal

charges, would be taken against him on account of the New Policy rules, as written and/or as interpreted and enforced by Miller.

# CLAIMS FOR RELIEF

### *Count I*
### Violation of the First Amendment to the United States Constitution: Retaliation
### (42 U.S.C. 1983 – First Amendment)

47. Plaintiff realleges each allegation in the preceding paragraphs.

48. Defendants' conduct of shutting down Mr. McBreairty's speech and contacting the police to remove him from RSU22 school premises due to his constitutionally protected petitioning activity was unconstitutional and violated his First Amendment rights to freedom of speech and expression, and freedom of petition.

49. Defendants retaliated against Mr. McBreairty for exercising his First Amendment rights to freedom of speech and expression, and freedom of petition.

50. It is clearly established that there is a First Amendment right to petition to the government, and that clearly established right includes criticism of government employees.

51. Defendants' restriction on Plaintiff's speech, including, but not limited to, the imposition and enforcement of Prior Rule 2, was content-based and viewpoint discriminatory and was in violation of the Free Speech Clause of the First Amendment and the Right to Petition the Government Clause of the First Amendment.

52. Prior Rule 2 was unconstitutionally applied to Mr. McBreairty. Other members of the public were permitted to address their opinions about teachers while Mr. McBreairty's speech is silenced, and he is ordered to leave RSU22 premises.

53. Plaintiff may recover his damages and obtain declaratory and injunctive relief against Defendants, including the natural person defendants individually and in their official capacities, for the deprivation of his rights per 42 U.S.C. § 1983.

54. Plaintiff has suffered damages as a result of Defendants' unconstitutional actions and is entitled to damages as a result of its actions, including, but not limited to, injury to reputation, emotional distress and incurring legal fees.

## *Count II*
## Violation of the First Amendment to the United States Constitution
## Declaratory Judgment & Injunctive Relief
## (42 U.S.C. 1983 – First Amendment)

55. Plaintiff realleges each allegation in the preceding paragraphs.

56. New Policy Rule 3(b) is unconstitutionally vague and void on its face, in violation of the First and Fourteenth Amendments of the U.S. Constitution. "Common etiquette and decorum" and "disruptive conduct" appears to be any comments Defendant Miller views in a disapproving manner.

57. New Policy Rule 3(b) is a facially unconstitutional viewpoint-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution, that prohibits any comments about RSU22 employees that the Chair deems defamatory, while laudatory speech is permitted.

58. New Policy Rule 3(c) is unconstitutionally vague and void on its face, in violation of the First and Fourteenth Amendments of the U.S. Constitution. "Personnel matters" appears to be any comments about government employees, even if they are not identified.

59. New Policy Rule 3(c) is a facially unconstitutional content-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution, that prohibits any

comments about RSU22 employees, despite the forum being created by the State of Maine to discuss, *inter alia,* these RSU22 employees when related to RSU22 school and education matters.

60. New Policy Rule 3(c) is a facially unconstitutional and as-applied viewpoint-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution, that is used by Defendants to stifle criticism of their conduct, the government's conduct, and other matters of public concern.

61. Miller's prohibition on naming employees is a facially unconstitutional content-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution, that prohibits any comments about RSU22 employees, despite the forum being created by the State of Maine to discuss, *inter alia,* these RSU22 employees when related to RSU22 school and education matters.

62. Mr. McBreairty has no alternate channel of expression that would ensure his comments are heard by all RSU22 board members and the members of the public who attend, watch, or review the minutes of RSU22 board meetings.

63. Consistent with 42 U.S.C. § 1983, Plaintiff is entitled to a declaration that New Policy Rules 3(b) & (c) violate the First and Fourteenth Amendments of the U.S. Constitution and an injunction prohibiting their enforcement.

### *Count III*
### Violation of the First Amendment and Article I § 4 and § 15 of the Maine Constitution
### (5 M.R.S. § 4682 Free Speech and Right to Petition)

64. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

65. Defendants' conduct of shutting down Mr. McBreairty's speech and contacting the police to remove him from RSU22 school premises due to his constitutionally protected petitioning

activity including, but not limited to, the imposition and enforcement of Prior Rule 2, was unconstitutional and violated his rights under the First Amendment of the U.S. Constitution and Article I, Sections 4 and 15 of the Maine Constitution.

66. Prior Rule 2 was unconstitutionally applied to Mr. McBreairty. Other members of the public were permitted to address their opinions about teachers while Mr. McBreairty's speech was silenced, and he was ordered to leave RSU22 premises.

67. Plaintiff may recover his damages and obtain declaratory and injunctive relief against Defendants, including the natural person defendants individually and in their official capacities, for interfering with his rights per 5 M.R.S. § 4682.

68. Plaintiff has suffered damages as a result of Defendants' unconstitutional actions and is entitled to damages as a result of its actions, including, but not limited to, injury to reputation, emotional distress and incurring legal fees.

### *Count IV*
**Violation of the First Amendment of the U.S. Constitution and
Article I § 4 and § 15 of the Maine Constitution
Declaratory and Injunctive Relief
(5 M.R.S. § 4682 Free Speech and Right to Petition)**

69. Plaintiff realleges each allegation in the preceding paragraphs.

70. New Policy Rule 3(b) is unconstitutionally vague and void on its face, in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 4 and 15 of the Maine Constitution. "Common etiquette and decorum" and "disruptive conduct" appears to be any comments Defendant Miller views in a disapproving manner.

71. New Policy Rule 3(b) is a facially unconstitutional viewpoint-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Sections

4 and 15 of the Maine Constitution, that prohibits any comments about RSU22 employees that the Chair deems defamatory, while laudatory speech is permitted.

72. New Policy Rule 3(c) is unconstitutionally vague and void on its face, in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 4 and 15 of the Maine Constitution. "Personnel matters" appears to be any comments about government employees, even if they are not identified.

73. New Policy Rule 3(c) is a facially unconstitutional content-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 4 and 15 of the Maine Constitution, that prohibits any comments about RSU22 employees, despite the forum being created by the State of Maine to discuss, *inter alia,* these RSU22 employees when related to RSU22 school and education matters.

74. Miller's prohibition on naming employees is a facially unconstitutional content-based restriction, in violation of the First and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 4 and 15 of the Maine Constitution, despite the forum being created by the State of Maine to discuss, *inter alia,* these RSU22 employees when related to RSU22 school and education matters.

75. Mr. McBreairty has no alternate channel of expression that would ensure his comments are heard by all RSU22 board members and the specific members of the public who attend, watch, or review the minutes of RSU22 board meetings.

76. Consistent with 5 M.R.S. § 4682, Plaintiff is entitled to a declaration that New Policy Rules 3(b) & (c) violate the First and Fourteenth Amendments of the U.S. Constitution Article I, Sections 4 and 15 of the Maine Constitution and an injunction prohibiting their enforcement.

## Count V
### Violation of 20-A M.R.S. § 1001(20)
### Declaratory and Injunctive Relief

77. Plaintiff realleges each allegation in the preceding paragraphs.

78. Pursuant to 20-A M.R.S. § 1001(A), Defendants are required to conduct a "public comment period" at RSU22 school board meetings where the public can "comment on school and education matters."

79. New Policy Rule 3(b) violates 20-A M.R.S. § 1001(A), as "common etiquette and decorum" and "disruptive conduct" appears to be any comments Defendant Miller views in a disapproving manner, and truthful, albeit defamatory, comments are prohibited, notwithstanding the substance thereof being comment on school and/or education matters.

80. New Policy Rule 3(c) violates 20-A M.R.S. § 1001(A), as "Personnel matters" appears to be any comments about government employees, even if they are not identified, notwithstanding the substance thereof being comment on school and/or education matters.

81. Miller's prohibition on naming employees similarly violates 20-A M.R.S. § 1001(A), notwithstanding the substance thereof being comment on school and/or education matters.

82. Mr. McBreairty has no alternate channel of expression that would ensure his comments are heard by all RSU22 board members and the specific members of the public who attend, watch, or review the minutes of RSU22 board meetings.

83. Plaintiff is entitled to a declaration that New Policy Rules 3(b) & (c) violate 20-A M.R.S. § 1001(20) and an injunction prohibiting their enforcement.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Shawn McBreairty asks this Court to issue and or award:

A. A declaration that Prior Rule 2 was unconstitutional under the First Amendment and Article I, Sections 4 & 15 of the Maine Constitution;

B. A declaration that New Policy Rules 3(b) & (c), and Miller's prohibition on naming employees are unconstitutional under the First Amendment and Article I, Sections 4 & 15 of the Maine Constitution;

C. A declaration that New Policy Rules 3(b) & (c), and Miller's prohibition on naming employees violate 20-A M.R.S. § 1001(20);

D. A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity;

E. A preliminary and permanent injunction enjoining each Defendant from implementing and/or enforcing New Policy Rules 3(b) & (c), and Miller's prohibition on naming employees;

F. Damages, including compensatory, nominal, general, and/or punitive damages in an amount to be determined at trial;

G. An award of attorneys' fees and expenses under 42 U.S.C. § 1988 and 5 M.R.S. § 4683;

H. Any further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by. Jury on all causes of action.

Dated: March 12, 2024.                                   Respectfully Submitted,


*/s/ Robert J. Morris*                                   */s/ Marc J. Randazza*
Robert J. Morris, II (ME Bar No. 010402)                 Marc J. Randazza (*pro hac vice*)
HOUSER, LLP                                                  *Lead Counsel*
400 TradeCenter, Suite 5900                              RANDAZZA LEGAL GROUP, PLLC
Woburn, MA 01801                                         30 Western Avenue
Tel: (339) 203-6498                                      Gloucester, MA 01930
Email: rmorris@houser-law.com                            Tel: (888) 887-1776
                                                         Email: ecf@randazza.com

Brett D. Baber, Bar No. 3143
Lanham Blackwell & Baber, PA                             *Attorneys for Plaintiff,*
133 Broadway                                             *Shawn McBreairty*
Bangor, ME 04401
Tel: (207) 942-2898
Email: brett@bloomerrussell.com

## VERIFICATION OF FIRST AMENDED COMPLAINT

I, Shawn McBreairty, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations in this First Amended Verified Complaint, and I hereby declare under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge and understanding.

Dated: 03 / 12 / 2024

By: _____
Shawn McBreairty

**RANDAZZA | LEGAL GROUP**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of March, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Robert J. Morris
Robert J. Morris