IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHAWN MCBREAIRTY,<br><br>    Plaintiff,<br><br>v.<br><br>HEATH MILLER, in his personal and official capacities; SCHOOL BOARD OF RSU22,<br><br>    Defendants. | Case No. 1:23-cv-00143-NT |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR A PRELIMINARY INJUNCTION**

Nothing in Defendants' Opposition (ECF No. 42) demonstrates that the Court should not enjoin Defendants from unconstitutionally barring Plaintiff, Shawn McBreairty, from public comment based on viewpoint discrimination and from enforcing BEDH Public Participation Policy Rules 3(b) and 3(c).

**1.0      INTRODUCTION**

The government cannot prevent a citizen from employing criticism, or praise for that matter, at a school board meeting—a limited public forum.  Defendants admit that this is the purpose of their policies.  Right out of the gate, they say they want to stop Plaintiff from "pillory[ing] [their] employees during the public comment period of [their] Board meetings." Opposition, ECF No. 42, at 1 (footnote omitted).  Yet, Plaintiff *does* have the First Amendment right to criticize their conduct, to condemn their actions, and to "pillory" them.

Defendants speak out of both sides of their mouth.  They argue that they must restrain McBreairty's speech to maintain order and safety, but also claim that speech is not actually restrained.  They argue that there is no ambiguity in their policies, but they also claim that they fail

RANDAZZA | LEGAL GROUP

to define what it means to discuss the "conduct of a school unit employee." Defendants fail to justify of their sweeping restraint on McBreairty's (and the public's) speech.

## 2.0 ARGUMENT

### 2.1 Plaintiff is Likely to Succeed on the Merits of His Claims

Defendants' policies are unconstitutional both facially and as-applied because they discriminate based upon viewpoint and were deployed for the purpose of stifling protected speech.[1] They policies are also unconstitutionally vague because they are so broad as to be incomprehensible and allow Defendants unreasonable discretion in deciding what is prohibited.

#### 2.1.1 The Personnel Matter Rule is Unreasonable and Discriminatory

The Personnel Matter Rule, and Defendants' interpretation, are unconstitutional viewpoint discrimination and are overbroad, forbidding protected speech without any reasonable basis. In their Opposition, Defendants again point largely to *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747 (5th Cir. 2010) for the proposition that their policy is not viewpoint-based discrimination. Defendants argue that the policy in *Fairchild* "prohibited naming specific employees and students," Opposition at 8, but this is false. Unlike the Defendants' policy, which prohibits naming an employee under any circumstance, the policy at issue in *Fairchild* "allow[ed] the public to voice concerns and complaints, just not if the 'complaint involve[s] naming of people' – employees or students." *Fairchild*, 597 F.3d at 756 (quoting record). In contrast, RSU22 prohibits speech on a specific, relevant viewpoint—the conduct and performance of public-school educators—without any legitimate basis.

---

[1] Defendants assert Plaintiff waived a viewpoint-based challenge to 3(b). Opp. at 6 n. 5. Plaintiff addressed "rules" in the plural (Mot. at 9), discussing both 3(b) & (c) on the prior page. Defendants confuse singling out 3(c)'s content-based restriction with waiving a viewpoint-based argument as to 3(b). As Defendants do not argue 3(b) is not viewpoint-based, they have waived such.

*Fairchild* declared itself to be about a content-based restriction against naming,[2] not viewpoint. Rules 3(b) and 3(c) are undoubtedly directed at content. Defendants admit that they implement a content-based restriction against any mention of the name of an employee, but they argue that the rule is necessary. Defendants first argue that it is necessary to protect their employees' due process rights, but due process is only implicated were the Board to take action on the speech, not merely hearing it, whereupon the employee would have the full measure of civil service or collective bargaining protections.[3] As to Defendants' defamation arguments, they claim that if they allow a citizen of the public to name specific employees, they might be liable for defamation. This argument has no basis in law, nor can it be the grounds to deprecate free speech. A governmental body is not liable for a statement made by a citizen during a period of open public comment. Only the government would make such a ludicrous argument with a straight face. Nor does it justify the restriction—a person can defame without using a name, rendering the policy underinclusive. *See Hudson v. Guy Gannett Broad. Co.*, 521 A.2d 714 (Me. 1987). And while Defendants might wish to shield employees from embarrassment, such an interest does not supersede the protected speech of the public. There is no legitimate basis for wholesale prohibition on the reference to any specific employee, by name, and Defendants' restraint is not reasonable and is unconstitutional.

---

[2] The Court in *Fairchild* also asserted that it was not a "content" constraint, but rather a time, place, and manner restriction on the expression of that content. 597 F.3d at 761. However, this is directly contradictory to binding First Circuit precedent, which recognizes that such "[r]egulations of this type will be upheld as long as 'they are justified without reference to the content of the regulated speech[.]'" *McCullen v. Coakley*, 571 F.3d 167, 175 (1st Cir. 2009) quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). A restriction against saying a name is a direct reference to the content of the speech. Compare *Pursuing America's Greatness v. FEC*, 831 F.3d 500 (D.C. Cir. 2016) (finding restriction on use of a candidate's name to be content-based).
[3] It is notable that protecting "privacy, confidentiality, and due process rights" only would purportedly justify a restriction on criticism, not a restriction on praise.

### 2.1.2 The Policies are Unconstitutionally Vague

Rules 3(b) and 3(c) are unconstitutionally vague, and McBreairty has standing. Defendants argue that McBreairty has not alleged that he intends to engage in defamation or disruptive conduct. Opp. at 11. That is not the test. McBreairty has alleged a legitimate fear that Rule 3(b) will be enforced against him whether or not he is objectively disruptive.

As previously argued, Rule 3(b) forbids speakers from engaging in "disruptive conduct." ECF No. 34-6. Although examples are given, the rule makes clear that such examples are illustrative and not restrictive as to what the board may consider disruptive. *Id*. Based on past experience, McBreairty fears the vagueness of Rule 3(b) would allow Defendants arbitrarily to rule his speech "disruptive" or "defamatory".[4] Accordingly, McBreairty is chilled from exercising his speech as he wishes and thus has standing to challenge the restraint.

Further, the vagueness doctrine applies. Although Defendants cite to cases about whether a regulation is sufficiently weighty to attach Fourteenth Amendment scrutiny, they provide no authority which suggests that the policies here would not be subject to such scrutiny. To the contrary, school policies are well-capable of being void for vagueness. *See, e.g., Marshall v. Amuso*, 571 F. Supp. 3d 412, 424-25 (E.D. Pa. 2021); *Doe v. Cavanaugh*, 437 F. Supp. 3d 111, 117-18 (D. Mass. 2020). Moreover, this case concerns McBreairty's speech in a limited public forum—core protected speech. And, McBreairty alleged that not only did the Defendants restrain his speech in the past, but they used armed agents of the state to enforce their demands. *See* Amended Compl., ECF No. 34, at ¶¶ 19-21. Thus, the vagueness doctrine applies to the policies.

Finally, the policies are vague. As discussed in the Motion and *supra*, Rule 3(b) is unconstitutionally vague because the Defendants' use of the term 'disruptive conduct' "does not

---

[4] Moreover, "defamatory" speech is only unprotected if it is false. *See United States Healthcare, Inc. v. Blue Cross of Greater Phila.*, 898 F.2d 914, 930-31 (3d Cir. 1990).

provide fair notice of what conduct it prohibits and creates a risk of arbitrary enforcement." *Doe v. Hopkinton Pub. Schs.*, 19 F.4th 493, 509 (1st Cir. 2021). Although Defendants argue that the examples give the rule the necessary context, the rule itself notes that the prohibited speech is not limited by the examples. Thus, so long as the restriction contains an open-ended prohibition explicitly exceeding those examples, the rule is still vague.

Defendants' Personnel Matter Rule is likewise vague. A speaker cannot discuss the "job performance or conduct of a school unit employee." Defendants state that this prohibits speakers from using a name and ignore that an employee can be discussed without using naming names. It is thus unclear at what degree a speaker's discussion of school employees' performance or conduct, positive, negative, or neutral, becomes unacceptable. Does the rule prohibit to speaking about the fifth-grade teachers at a particular school where there are, perhaps, five such teachers? Can one discuss, without naming, the performance of the music program at an elementary school where there is only one such teacher? Accordingly, the rule is void for vagueness.

### 2.1.3   McBreairty's As-Applied Challenges are Proper

McBreairty's as-applied challenges to the rules remain live controversies which require the Court's consideration. Although Defendants argue that his claims have somehow lapsed because Defendants instituted new policies, in reality the same policy still prohibits McBreairty's speech, and thus his claim is still valid—Defendants explicitly claimed they were interpreting their former policies to mean what the new one states. Formal enactment of a new policy changed nothing as to how Defendants restrict Plaintiff's speech. They continue to prohibit McBreairty from naming school employees and he is still subject to a credible threat of enforcement.

### 2.1.4   A Private Action Under 20-A M.R.S. § 1001(20) is Proper

A private right of action under 20-A M.R.S. § 1001(20) exists, and McBreairty is likely to succeed on that claim. As a preliminary matter, there is no "unambiguous plain language"

preventing a private action. Contrast Opposition at 17-18. Unlike the statute at issue in *Wawenock, LLC v. DOT*, 2018 ME 83, 187 A.3d 609, which Defendants cite, 20-A M.R.S. § 1001(20) provides specific requirements to the school boards as to how they must operate, whereas the statute in *Wawenock* solely provided general guidelines and suggestions. *Id.* at ¶ 8.

Defendants' arguments as to the four *Goodwin* factors are unavailing. As to the first factor, the statute provides explicit instruction to the school boards as to how they may restrict speech. As to the second, there is a compelling reason as to why the Court should consider there to be legislative intent—the inclusion of the reference to an alternate method of dispute resolution, via a collective bargaining process, contemplates that citizens have rights which can be privately and independently exercised. *See* § 1001(22). As to the third, § 1001(20) defines specific rights and imposes a narrow obligation on Defendants, unlike the statute at issue in *Wawenock*. Finally, as to the fourth, this Court has jurisdiction to enjoin a governmental body from violating a citizens' constitutional rights; school districts may have some discretion in how they administer their schools, but they cannot violate the Constitution or avoid statutory mandates. Accordingly, there is a private right of action under § 1001(20), and McBreairty is likely to succeed on his claim.

## 2.2 Plaintiff Has Been and Will Be Irreparably Harmed

Plaintiff has been irreparably harmed, and he will continue to be, until this Court enjoins the Defendants. McBreairty's speech has been chilled because Defendants have forbidden him from exercising his First Amendment-protected rights at public meetings. Although Defendants claim he can do so without using names, they ignore that he wishes to use those names in his speech, and that he is unable to do so absent an injunction from this Court.

## 2.3 The Balance of Harms and Public Interest Favor Plaintiff

Defendants demonstrate no real hardship if they are enjoined. Instead, Defendants spin hypotheticals about chaos raining down upon the meetings if an individual teacher is discussed at

a public meeting. There will be no "harassment," and there will be no disorder—polite criticism can be given and received in such a setting. Likewise, as discussed *supra*, there are no due process concerns about discussing an employee by name. Finally, the Defendants can still impose order by enforcing other provisions; Plaintiff is not asking for *carte blanche* ability to engage in whatever conduct he wants. Balancing on the other side of this issue, however, are McBreairty's fundamental, core speech rights which have been restrained by the Defendants. Accordingly, the balance of harms weighs in Plaintiff's favor.

The public interest likewise weighs in McBreairty's favor. McBreairty's speech is entirely safe. There is, however, something unsafe, inefficient, and disorderly about prohibiting speech concerning public school educators in a limited public forum and calling the police on a speaker when he says something that the board feels is distasteful. There can likewise be no public interest in prohibiting protected speech. Accordingly, this factor weighs in favor of the Plaintiff.

### 3.0 CONCLUSION

Plaintiff has demonstrated that the policies adopted by the Defendants have unconstitutionally hindered Plaintiff's speech, and Plaintiff is entitled to a preliminary injunction to prohibit the Defendants from restraining Plaintiff's speech into the future. Accordingly, Plaintiff asks the Court to enjoin Defendants from unconstitutionally barring him from public comment based on viewpoint discrimination and from enforcing BEDH Public Participation Policy Rules 3(b) and 3(c).

Dated: May 10, 2024                                        Respectfully Submitted,

/s/ Robert J. Morris                                       /s/ Marc J. Randazza
Robert J. Morris, II (ME Bar No. 010402)                   Marc J. Randazza (*pro hac vice*)
HOUSER, LLP                                                   *Lead Counsel*
400 TradeCenter, Suite 5900                                RANDAZZA LEGAL GROUP, PLLC
Woburn, MA 01801                                           30 Western Avenue
Tel: (339) 203-6498                                        Gloucester, MA 01930
Email: rmorris@houser-law.com                              Tel: (888) 887-1776
                                                           Email: ecf@randazza.com

Brett D. Baber, Bar No. 3143
Lanham Blackwell & Baber, PA                               *Attorneys for Plaintiff,*
133 Broadway                                               *Shawn McBreairty*
Bangor, ME 04401
Tel: (207) 942-2898
Email: brett@bloomerrussell.com

Case No. 1:23-cv-00143-NT

## CERTIFICATE OF SERVICE

    I hereby certify that, on May 10, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                    /s/ Robert J. Morris
                                    Robert J. Morris

RANDAZZA | LEGAL GROUP